**In re ESTATE of Portia M. OBERLY, Deceased.**

**Adm. No. 103472.**

United States District Court
District of Columbia.
April 6, 1964.

Harry E. Taylor, Jr., Washington, D. C., pro se.

B. Paul Noble, Washington, D. C., for executor.

John A. Whitney, Washington, D. C., for surety.

KEECH, District Judge.

This matter is before the court on a Motion for Reconsideration of the court's denial of a Petition for Rule to Show Cause why surety should not pay counsel fees. The Petition, filed by Harry E. Taylor, Jr., Esq., counsel of record for the above-named estate, was heard and denied in open court on February 4, 1964 (no order issued); the Motion for Reconsideration of such denial was filed February 6, 1964; and additional pleadings for and against the Motion for Reconsideration have since been filed.

The Petition prayed that the Peerless Insurance Company, surety on the undertaking theretofore given by Robert L. Flanders, Executor of the said estate, be directed to pay counsel fees to petitioner in amount of $3,193.70. Petitioner claimed that the Executor had failed to pay him such sum after approval by the Probate Court of the Executor's First and Final Account, which included that amount as a disbursement or allowance for services rendered by petitioner as counsel of record in the administration of the estate.

The court has given full consideration to the entire record in this proceeding, including all pleadings, applicable law and Court rules. The record discloses that the Executor appropriated to his own use and benefit an amount greatly in excess of the approved commission to him—leaving in the estate no assets with which to pay the agreed and approved fee due the attorney of record. He compounds his default by seeking on jurisdictional grounds to have the court deny the relief sought by petitioner. The court is of the opinion that the Executor's default makes the surety liable in the amount claimed.

Following is a résumé of the pertinent circumstances as shown by the record:

Robert L. Flanders, a lawyer employed by the United States Department of Labor and as such not entitled to practice law privately, engaged the services of Harry E. Taylor, Jr., Esq., active practitioner at this bar, to serve as attorney for the aforementioned estate, of which Mr. Flanders was appointed Executor under general bond of $95,000 with the Peerless Insurance Company as surety. It is important to note that by the terms of this undertaking the Executor and his surety agreed that he would well and truly administer the estate according to law; that he would in all respects faithfully perform the trust reposed in him "without injury or damage to any *person interested in the same, and shall in all things abide by and perform such judgment or decree as the Court may make in the premises"*; and further, that *"upon default by the principal in any of the conditions hereof, the damages may be ascertained in such manner as the Court shall direct; that the Court may give judgment hereon in favor of any person thereby aggrieved against us* as principal and surety for the damages, not exceeding Ninety-five Thousand dollars, suffered or sustained by such aggrieved party and that *such judgment may be rendered in the above entitled cause or proceeding against all or any of us* * * as provided by Title 28, Section 2403 of the District of Columbia Code * * *." [Emphasis supplied.] It is therefore apparent that upon default by the Executor this court has ample authority to hold him or his surety liable therefor.

The record shows that Mr. Taylor, as the attorney of record for the estate, diligently and skillfully performed his duties. The record further shows that Mr. Taylor and Mr. Flanders agreed that they would each receive $3,193.70 for their services. This would appear to be an equal division of approximately 6½% of the personalty of the estate ($95,571.94). The two items of $3,193.-70 each were included as disbursements in both the Federal Estate Tax Return

and the District of Columbia Inheritance Tax Return, which were prepared and filed by Mr. Taylor. Mr. Taylor also drafted the Executor's account for filing in the Register of Wills Office, with the same two amounts of $3,193.70 each included for the Executor and the Attorney. However, without notice to Mr. Taylor, the Executor later filed amended Federal Estate Tax and Inheritance Tax returns in which he eliminated any claim for counsel fee for Mr. Taylor and substituted a flat $5,000 as the Executor's commission. He likewise amended the Court account, again without notice to Mr. Taylor, by filing his own account with a $5,000 claim for himself only. Further, he filed consents from both residuary legatees (who are non-residents) to his $5,000 fee, having apparently left them under the impression that he was the only person entitled to compensation. Upon learning of the Executor's action, Mr. Taylor filed exceptions to the account, setting forth in detail (and with exhibits) the services rendered by him and the understanding concerning the fees to be claimed. Mr. Taylor requested that the court order the Executor to amend the First and Final Account so as to include an attorney's fee of $3,-193.70 in accordance with the agreement. In his answer the Executor contended that the amount claimed was excessive and asked that the exceptions be dismissed.

Thereafter, on December 11, 1962, Mr. Taylor and Mr. Flanders came to an agreement regarding the fees to be claimed by each of them, Mr. Taylor agreeing to withdraw his exceptions and the Executor agreeing to amend his account so as to include Mr. Taylor's fee and consenting to the court's approval of the account as so amended. Said agreement was filed on the same day, and the account as amended was approved by the court on the following day, December 12, 1962. Said agreement reads as follows:

"Whereas, the Executor of the Estate of Portia M. Oberly hereby authorizes the amendment of the First and Final Account filed herein to include attorneys fees in the amount of Three Thousand One Hundred Ninety-Three Dollars and Seventy Cents ($3,193.70) payable by the estate to Harry E. Taylor, Jr. and to reduce the amount of Executor's commission payable to Robert L. Flanders from Five Thousand Dollars ($5,000.00) to One Thousand Eighty [sic] Hundred Six Dollars and Thirty Cents ($1,806.30), the parties hereto do hereby consent and agree that the Exceptions to the First and Final Account of Robert L. Flanders, Executor of the Estate of Portia M. Oberly be and they are hereby withdrawn and the undersigned hereby consent to the approval of said account as amended herein.

"WITNESS our hands and seal this *11th* day of December, 1962.

"[Signed] Harriet B. Peckham          [Signed] Robert L. Flanders          (SEAL)
_____
(Witness)

"[Signed] Harriet B. Peckham          [Signed] Harry E. Taylor, Jr.          (SEAL)"
_____
(Witness)

The account as amended and approved by the court reads as follows (page 3 thereof) concerning the fees:

" *Executor's commission—Robert L. Flanders          $5,000.00

"(* Note: The above commission is distributable as follows: $3193.70 to Harry E. Taylor, Jr. Esq., and $1806.30 to Robert L. Flanders, Esq. pursuant to consent filed herein withdrawing exceptions to account)".

Alongside the Note the Executor placed his initials, R.L.F., and the date 12/11/62. The Executor's oath to the account stated that he did "solemnly

swear that the foregoing account is just and true, and that I have bona fide paid, or secured to be paid, the several sums for which I claim credit and allowances."

Notwithstanding the Executor's above-quoted agreement with Mr. Taylor, his oath attached to the account as Executor, the approval by the court of the account authorizing the fees in question and the distribution thereof, and the frequent demands made upon the Executor by the attorney for the latter's agreed fee as approved by the court, said fee is still unpaid, although many months have elapsed since the approval of the account. Instead, according to the allegations of the Petition for Rule to Show Cause, which were not denied by the Executor's answer, the Executor appropriated from the estate the entire amount of $5,000 to himself, despite the allowance to him by the court of $1,806.30 as his portion. Paragraph 2 of Mr. Taylor's Petition alleges under oath "That your Petitioner has not been paid and has made demand upon the surety, Peerless Insurance Company, for payment of Petitioner's claim, after ascertaining that the Executor was unable to pay said claim and was able to arrange only token monthly payments thereon which have now ceased; that the total payments made by said Executor consist of ten United States Savings Bonds, which each have a face value of $50.00 at maturity in ten years; that none of said bonds have been used by your Petitioner and said bonds will be delivered to the surety named as a party herein or credited to the amount due by said surety to your Petitioner."

The above-quoted allegations were not disputed or denied by the Executor in his answer. Furthermore, the Peerless Insurance Company, in its answer to the Rule to Show Cause, demanded judgment against the Executor for any amount which it may be required to pay Petitioner Taylor, alleging a breach of agreement by the Executor in his contract with the surety as follows (Paragraph 7 thereof):

"The executor's Application for Fiduciary Bond, dated June 24, 1961, requires the executor to deposit collateral in amount and nature satisfactory to the surety in the event of claim upon the surety's bond. This surety has made demand upon the executor, but he has failed to deposit any collateral whatsoever with the surety. D.C.Code (1961), Section 20–109 provides that the Court may order the executor to give counter security for the benefit of the surety if the surety considers itself in danger and applies to the Court for such an order. The surety respectfully requests an order directing the executor Flanders to deposit security in the amount of the petitioner Taylor's claim."

At the request of the court, the Register of Wills caused to be made an examination of the account of Robert L. Flanders, Executor of the Estate of Portia M. Oberly, deceased, at the Riggs National Bank. This examination disclosed that at the time of the agreement between Mr. Flanders and Mr. Taylor for the division of the fees totalling $5,000 and the consequent withdrawal of his exceptions by Mr. Taylor, the Executor had no such amount in the bank to the credit of this estate, as he was supposed to have, but instead actually had the sum of $3.36, and had had no more than $8.36 since September 19, 1962. Photostatic copies of pertinent parts of the account have been obtained and made a part of the Register of Wills official files. (The said bank account was closed out on August 14, 1963, when the Executor made good an overdraft of $5.44.) At no time did the balance amount to more than $8.36 from September 19, 1962, to date of closing on August 14, 1963, despite the item in the account of $5,680.75 shown as cash advanced by Virginia Eckels Malone to the Executor "to cover estate taxes and administration expenses".

I am constrained to grant the motion for reconsideration, and further, to find from the entire record in this case that

the Executor, notwithstanding his agreement as to proper counsel fee due petitioner Taylor, which agreed fee was approved by the court, has failed and refused to pay said fee although repeatedly requested to do so, and that, as shown by the only known fiduciary account of the Executor, the said account had on the critical dates been depleted to $8.36 or less. The Executor made a payment of $5,000 to himself. Therefore the court concludes that the Executor has defaulted under the conditions of his bond (Title 28, Section 2403, D.C. Code) and that the surety is therefore liable to petitioner for the agreed and approved fee of $3,193.70 less credit for the value of the bonds turned over to said petitioner with knowledge of the surety and held for said surety.

Petitioner will promptly submit an appropriate order and serve copies thereof upon counsel for Executor and counsel for surety.